entered in November 2011. Under the revised agreement, rather than D&R Technology acquiring the control block of ECIT shares, ECIT agreed to acquire all of the shares of D&R Technology, thereby making D&R Technology the wholly-owned subsidiary of ECIT. As part of this agreement, the owners of D&R Technology (including defendant DINO PAOLUCCI and his father) became the controlling shareholders of ECIT.

59. During January and February 2012, the schemers sold more than three million shares of ECIT stock out of the Spencer Edwards account and realized at least $948,000 in proceeds. The schemers also sold almost $2 million of ECIT stock from the offshore brokerage account, thus realizing more than $2.9 million in proceeds between the two accounts during this two-month period.

60. On or about February 29, 2012, Person No. 1 sent an email to Louis Buonocore attaching a draft consulting agreement between Global Media and Bay State Financial, to be dated January 16, 2012. This draft agreement falsely and misleadingly portrayed Buonocore's business, Bay State Financial, as a consultant to Global Media providing "market awareness to potential investors about the prospects" of ECIT. The draft agreement omitted various material facts, including the role of defendant DINO PAOLUCCI, the fact that Person No. 1, Buonocore, and the other schemers were working together to manipulate the price and volume of ECIT's stock and were splitting the proceeds, and Person No. 1, as the schemers' nominee, had been selling ECIT's shares into the manipulated market and had recently given Buonocore authority to monitor and trade the schemers' accounts.

61. In or about February or March 2012, Person No. 1 transferred most of the schemers' unsold free trading shares of ECIT to offshore brokerage accounts held in the names

of foreign nominee entities controlled by co-schemers Frank J. Morelli, III, and Louis Buonocore, on their behalf and on behalf of defendant DINO PAOLUCCI.

## VII. Summary of the Scheme

62. Between on or about September 30, 2011 and February 23, 2012, through their fraudulent actions, the schemers generated at least $3,299,000 in proceeds from the sale of ECIT stock. Person No. 1, as the schemers' nominee, took responsibility for distributing to the other schemers the proceeds from the brokerage and bank accounts under his control.

63. Person No. 1 wired funds to Frank J. Morelli, III, and Louis Buonocore directly from certain of the brokerage accounts in his control and also from a Global Media bank account that he controlled. Buonocore then paid certain nominees designated by defendant DINO PAOLUCCI. Person No. 1 also paid Person No. 2 $15,000 for his work.

64. On or about March 13, 2012, ECIT changed its name to Novus Robotics, Inc. (ticker NRBT). It filed a Form 8-K with the SEC on April 12, 2012, announcing the name change.

65. Throughout the course of their scheme, defendant DINO PAOLUCCI and the other schemers gained control of almost all 22 million of ECIT's free trading shares and control and/or influence over 62 million of ECIT's restricted shares, together representing over 99% of the total shares issued for the company.

66. Despite having obtained ownership of more than 5% of ECIT's stock, the schemers, both collectively and individually, in order to keep their scheme secret, failed to file a Schedule 13D beneficial ownership report with the SEC, as required, or otherwise disclose

publicly their control of ECIT's securities, their purpose in acquiring the interests, or their plans or proposals for the acquisition, holding, or disposal of the securities.

## WIRINGS

67. On or about each of the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendant

**DINO PAOLUCCI**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 1 | 12/8/11 | The transmission of an ECIT press release |
| 2 | 12/15/11 | The transmission of an ECIT press release |
| 3 | 1/24/12 | The transmission of an ECIT press release |
| 4 | 1/26/12 | The transmission of an ECIT press release |
| 5 | 1/30/12 | The transmission of an ECIT press release |
| 6 | 2/1/12 | The transmission of an ECIT press release |
| 7 | 2/6/12 | The transmission of an ECIT press release |
| 8 | 2/8/12 | The transmission of an ECIT press release |
| 9 | 2/10/12 | The transmission of an ECIT press release |

All in violation of Title 18, United States Code, Sections 1343, 1349, 2.

## COUNT TEN

THE GRAND JURY FURTHER CHARGES THAT:

At all times material to this indictment:

1. Paragraphs 1 through 9 and 11 through 66 of Count One are incorporated here.

2. From in or about at least Spring 2011 through in or about 2012, in the Eastern District of Pennsylvania and elsewhere, defendant

### DINO PAOLUCCI

conspired and agreed, with Person No. 1, Frank J. Morelli, III, Louis Buonocore, Person No. 2, and others known and unknown to the Grand Jury, (i) to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the SEC in the regulation and monitoring of the purchase and sale of publicly traded securities and (ii) to commit offenses against the United States, that is, to commit wire fraud in violation of Title 18, United States Code, Section 1343, and to commit securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.

### MANNER AND MEANS

3. Paragraph 11 of Count One is incorporated here.

### OVERT ACTS

4. Paragraphs 12 through 66 of Count One are incorporated here.

In violation of Title 18, United States Code, Section 371.

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES THAT:

At all times material to this indictment:

1. Paragraphs 1 through 9 and 11 through 66 of Count One are incorporated here.

2. From in or about at least Spring 2011 through in or about 2012, in the Eastern District of Pennsylvania and elsewhere, defendant

## DINO PAOLUCCI,

together and with Person No. 1, Frank J. Morelli, III, Louis Buonocore, Person No. 2, and others known and unknown to the Grand Jury, willfully and knowingly, by the use of the means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly, used and employed manipulative and deceptive devices and contrivances and aided and abetted the use and employment of manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon other persons in connection with purchases and sales of ECIT stock.

In violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1343, and Title 15, United States Code, Sections 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, defendant

**DINO PAOLUCCI**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, including, but not limited to, the sum of approximately $3.3 million.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

*[signature]*
**ZANE DAVID MEMEGER**
**United States Attorney**