IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 16-503 |
| DINO PAOLUCCI | : | |

GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER
PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

The United States of America, by its attorneys, William M. McSwain, United States Attorney, and Judy G. Smith and Patrick J. Murray, Assistant United States Attorneys, hereby respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), providing that the defense may use investigative materials produced in discovery only for preparation for trial and at trial and any sentencing hearings, and may not disclose the information to third parties except as required to prepare for trial or for use at trial and any sentencing hearings. In support of this motion, the government states:

1. On December 8, 2016, a grand jury sitting in the Eastern District of Pennsylvania returned an eleven-count indictment against defendant Dino Paolucci charging him with nine counts of wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2, one count of conspiracy in violation of 18 U.S.C. § 371, and one count of securities fraud and aiding and abetting in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5 (securities fraud) and 18 U.S.C. § 2.

2. There are tens of thousands of pages of discovery materials in this case. These documents are replete with sensitive information, including allegations and facts relating to criminal conduct by people other than the defendant who are the subject of other ongoing investigations.

3. Many of the discovery materials also contain personal identifying information, such as Social Security numbers, dates of birth, addresses, and bank and brokerage account numbers. The government will make these documents available to defense counsel in electronic format. The personal identifiers in the discovery materials are the kind of information which is sensitive and subject to abuse and identify theft.

4. The large volume of discovery materials containing sensitive information makes complete redaction of this personal identifying information impractical. Sensitive personal identifiers appear throughout these materials, and it would be extremely time consuming to redact. Redaction would likely significantly delay production of discovery to the defendant.

5. In order to protect the privacy interests of people who are identified in the discovery materials but who have not been named in any indictment, as well as cooperating witnesses who have already been charged and/or who have pleaded guilty, to protect the integrity of ongoing cases, and to prevent the potential misuse of others' personal and identifying information, the government respectfully requests that the Court enter a protective order limiting the use of the discovery materials provided to the defense to the preparation for trial and use at trial and any sentencing hearings, and further prohibiting the defense from disclosing the discovery materials to third parties except as

required to prepare for trial or for use at trial and any sentencing hearings. These reasonable restrictions upon the use and disclosure of the discovery materials also will minimize the risk of prejudicial pretrial publicity to the defendant.

6. Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part that: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

7. The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

*Alderman v. United States*, 394 U.S. 165, 185 (1969). *Cf. United States v. McDade*, 1994 WL 161243, at *3-5 (E.D. Pa. Apr. 15, 1994) (limiting use of criminal deposition "solely for the preparation and conduct of the proceeding" and prohibiting any further disclosure); *United States v. Smith*, 602 F. Supp. 388, 397-98 (M.D. Pa. 1985) (rejecting press request to unseal bill of particulars containing the names of unindicted coconspirators; "no First Amendment right of access to inspect and copy judicial records and documents that contain information which was produced in pre-trial discovery proceedings").

8. The materials at issue here are discovery materials, including interview reports, which are furnished to defense counsel solely to aid their preparation for trial and sentencing. Some of this information will be subject to public disclosure when it is introduced at trial, in pleadings, or at sentencing. The government has an obligation to

present all admissible evidence to prove its case; the defense has an obligation to use all admissible material in zealously contesting the charges; and the public has an unquestioned right of access to trial proceedings. That constellation of interests will erase any remaining privacy right in the admissible evidence. But that is not the state of the matter now. At this point, the discovery materials at issue consist not of trial evidence, but of investigatory materials for which no right of access exists or should be created.

      9. Protective measures are also appropriate for the many discovery materials that contain personal identifying information. Pursuant to Rule 16(d)(1), courts routinely tailor protective orders to address the specific concerns about discovery materials that exist in particular cases. Thus, for example, a court in the Southern District of New York granted a protective order that (a) required defense counsel to return or destroy all copies of Jencks material at the conclusion of the case, (b) prohibited defense counsel from disseminating material to anyone other than the defendants and the defense team, and (c) prohibited defendants from possessing in any jail facility any of the materials disclosing or referring to the identity and expected testimony of any witness other than a government agent, except when reviewing such materials in the presence of defense counsel. *United States v. Garcia*, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (observing that defendants "have no right to extended independent review of [Jencks Act] materials in the privacy of their cells"); *United States v. Rivera*, 153 F. App'x 758 (2d Cir. 2005) (not published) (district court's protective order prohibiting defendant from retaining Jencks Act material at his detention facility did not deprive defendant of effective

assistance of counsel, where defendant was given ample opportunity to review Jencks Act material and to consult his lawyer regarding that material).

10. The cases cited above demonstrate that the Court is empowered to tailor a protective order to address the specific concerns about discovery that exist in a particular case, and here that is to protect individuals whose sensitive information and personal identifying information appear throughout the discovery materials from the harm potentially resulting from the dissemination of this type of information.

11. Counsel for the defendant has authorized the government to state that the defendant has no objection to this motion.

Wherefore, based on the foregoing, the government respectfully requests that the Court enter a protective order pursuant to Rule 16(d)(1) in the form of the proposed order attached to this motion.

        Respectfully submitted,

        WILLIAM M. McSWAIN
        United States Attorney


         /s/ Patrick J. Murray
        PATRICK J. MURRAY
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 16-503 |
| DINO PAOLUCCI | : |

<u>ORDER</u>

AND NOW, this ___ day of _____, 2018, upon consideration of the government's unopposed motion for a protective order, it is ORDERED that the motion is GRANTED. The Court finds that good cause exists to enter the protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. The Court has considered the "specific examples" of harm and "articulated reasoning" as set forth by the government in its motion. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). The Court has also considered the public interest in the discovery materials and concludes that, at this stage, no First Amendment or common law right of access has attached to the records. *See id.* at 208-11; *North Jersey Media Group v. United States*, 836 F.3d 421, 434-36 (3d Cir. 2016). On balance, the public's interest in the discovery materials is outweighed by the "clearly defined" and potentially "serious injur[ies]" that would result from disclosure. *See* Fed. R. Crim. P. 16(d)(1); *Wecht*, 484 F.3d at 212.

IT IS FURTHER ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that defense counsel may make such use of the discovery materials only as is necessary to prepare for trial and for use at trial and any sentencing hearings,

including the disclosure of the material to the defendant. Defense counsel, the defendant, or any other person to whom disclosure is made pursuant to this paragraph may not use the discovery materials for any purpose other than preparation for trial or for use at trial and any sentencing hearings, and may not disclose the discovery materials or information contained in the discovery materials to any third party, except as required to prepare for trial or for use at trial and any sentencing hearings. Defense counsel shall maintain a log of every person to whom disclosure of the discovery materials is made, and shall obtain from every such person at the time of disclosure the following written statement:

> "I acknowledge that discovery materials have been disclosed to me for the purpose of assisting defendant Dino Paolucci in preparing for trial and/or using such materials at trial and any sentencing hearings. I have read the Order of the Court dated _____, 2018, permitting such disclosure to me, and agree as directed in that Order that I will use the discovery materials only for preparation for trial or for use at trial and any sentencing hearings, and will not otherwise disclose the discovery materials or information contained in the discovery materials to any third party. I acknowledge that a violation of the Court's Order may result in penalties for contempt of court."

BY THE COURT:

_____
HONORABLE EDUARDO C. ROBRENO
*Judge, United States District Court*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the Government's Unopposed Motion for a Protective Order Pursuant to Federal Rule of Criminal Procedure 16(d)(1) on the following by electronic filing:

>Irving Cohen, Esq.
>Susan Lin, Esq.

>*/s/ Patrick J. Murray*
>PATRICK J. MURRAY
>Assistant United States Attorney

September 18, 2018