IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 16-503** |
| **DINO PAOLUCCI** | : | |

**GOVERNMENT'S MOTION FOR ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Patrick Murray and Judy G. Smith, Assistant United States Attorneys, respectfully requests entry of an order of forfeiture, and, in support of this motion, the United States represents as follows:

1. On December 13, 2018, the United States Attorney for this district charged Defendant Dino Paolucci in a Superseding Indictment with violating Title 18, United States Code, Section 1343, wire fraud (Counts One through Twenty); and Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, securities fraud (Counts Twenty-One through Twenty-Six). The Superseding Indictment also contained a Notice of Forfeiture, which alleged that the defendant's interest in certain property was forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of his violation of Title 15, United States Code, Sections 78j(b) and 78ff. The Notice of Forfeiture also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to Title 21, United States Code, Section 853(p).

2. On September 6, 2019, defendant Dino Paolucci pled guilty to Counts 22, 23, 24, and 25 of the Superseding Indictment charging securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5.

3. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the defendant is required to criminally forfeit his interest in any property that constitutes, or is derived from, proceeds traceable to the commission of any offense that constitutes a "specified unlawful activity," as charged in Counts 22, 23, 24, and 25 of the Superseding Indictment.

4. Based upon the facts set forth in the government's plea memorandum and other facts set forth in the defendant's plea agreement and in the record as a whole, the government avers that the sum of $2,000,000.00 in United States currency is subject to forfeiture as a result of the defendant's guilty plea to Counts 22, 23, 24, and 25 of the Superseding Indictment, and that the government has established the requisite nexus between such property and the offenses. This amount represents the value of proceeds the defendant obtained as a result of his commission of securities fraud, and for which the United States may forfeit substitute assets. *See Honeycutt v. United States*, 137 S. Ct. 1626, 2017 WL 2407468 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9, 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an order of forfeiture may be entered against the defendant for the full amount of the criminal proceeds).

5.      The government, therefore, seeks an order of forfeiture for $2,000,000.00 in proceeds that the defendant obtained as a result of his commission of securities fraud. The government further avers and represents that it could establish that, due to the defendant's acts or omissions, the proceeds are not currently available to the government for forfeiture, and that the government is entitled to the forfeiture of substitute assets because one or more of the conditions in Title 21, United States Code, Section 853(p) has been met. As a result, this Court should permit the government to seek the forfeiture of substitute assets up to the amount of the proceeds that the defendant obtained.

6.      The government, therefore, seeks an order authorizing the United States to forfeit $2,000,000.00 in substitute assets from the defendant. 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(b)(2).[1] The net proceeds from the sale of any property of the defendant located and forfeited to the government, shall, after any third-party claims to the property have been resolved and costs have been paid, be applied against the forfeiture amount, in partial satisfaction thereof.

7.      The government requests authority to conduct discovery in accordance with Federal Rule of Criminal Procedure 32.2(b)(3) to identify and locate any additional assets

---

[1] 21 U.S.C. § 853(p) provides that the government is entitled to the forfeiture of substitute property if, as a result of any act of the defendant, forfeitable property cannot be found upon the exercise of due diligence or has been transferred or deposited with a third party. Federal Rule of Criminal Procedure 32.2(e)(1)(B) provides that the court may, at any time, amend an existing order of forfeiture to include substitute property. The government may forfeit substitute assets to satisfy a forfeiture money judgment. *See, e.g., United States v. Hall*, 434 F.3d 42, 58 n.7 (1st Cir. 2006) (substitute assets may be forfeited to satisfy a forfeiture order for a sum of money that the defendant, by his act or omission, has prevented the government from tracing); *United States v. Moses*, 2010 WL 3521725, at *9 (D. Vt. Sept. 7, 2010) (any property not forfeited as proceeds or facilitating property may be forfeited as substitute assets to satisfy the money judgment); *United States v. George*, 2010 WL 1740814, at *3 (E.D. Va. Apr. 26, 2010) (defendant ordered to forfeit annuity payments she was entitled to receive for the next ten years as substitute asset in partial satisfaction of money judgment); *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003) (defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy money judgment).

subject to forfeiture. Because the government seeks only a forfeiture order in the amount of proceeds that the defendant obtained and does not seek the forfeiture of any specific asset at this time, advertisement of the order and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third party claims required where forfeiture does not include specific property).

      For the reasons stated above, the government requests that this Court enter the attached Order.

> Respectfully submitted,
>
> WILLIAM M. McSWAIN
> United States Attorney
>
> SARAH L. GRIEB
> Assistant United States Attorney
> Chief, Asset Recovery and
> Financial Litigation Section
>
> /s/ Patrick J. Murray
> PATRICK MURRAY
> JUDY G. SMITH
> Assistant United States Attorneys

Date: December 6, 2019

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**          :

v.                                    :          **CRIMINAL NO. 16-503**

**DINO PAOLUCCI**                     :

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Dino Paolucci's guilty plea as to Counts 22, 23, 24, and 25 of the Superseding Indictment charging him with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5 (Counts Twenty-Two through Twenty-Five), pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, 2461(c), the defendant is required to criminally forfeit his interest in any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of such offenses, as charged in Counts 22, 23, 24, and 25 of the Superseding Indictment.

2. The government has established that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

3. All property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of such offenses as charged in Counts 22, 23, 24, and 25 is forfeited to the United States.

4. Based upon the facts set forth in the government's plea memorandum, and other facts set forth in the defendant's plea agreement and in the record as a whole in this case, the Court finds by a preponderance of the evidence that the sum of $2,000,000.00 represents the

value of property that constitutes or is derived from proceeds traceable to the commission of the offenses charged in the Superseding Indictment that the defendant directly or indirectly obtained; and the government has established the requisite nexus between such sum and the defendant's offenses as charged in the Superseding Indictment.

       5.      The United States moves under 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), to forfeit $2,000,000.00 in proceeds that the defendant obtained as a result his commission of the offenses charged in the Superseding Indictment. The motion is GRANTED. The United States is entitled to forfeit the $2,000,000.00 in proceeds that the defendant obtained as a result of his commission of offense charged in Counts 22, 23, 24 and 25 of the Superseding Indictment.

       6.      A money judgment in the amount of **$2,000,000.00** is hereby entered against the defendant.

       7.      The Court finds that the government has established that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists. Because the defendant dissipated $2,000,000.00 in proceeds that he obtained as a result of his commission of the offenses charged in the Superseding Indictment, the United States is entitled to forfeit substitute assets equal to the value of proceeds obtained by defendant Dino Paolucci as a result of his violations of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and that such substitute assets shall not exceed the value of proceeds that the defendant obtained.

       8.      Any property recovered from the defendant and forfeited by the government shall reduce the defendant's outstanding liability on the forfeiture amount.

9. Upon entry of this Order, the Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

10. Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

11. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this forfeiture Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

12. The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this forfeiture Order to the Federal Bureau of Investigation, the United States Marshal Service, and to counsel for the parties.

ORDERED this ___ day of _____, 2019.

**HONORABLE EDUARDO C. ROBENO**
**United States District Judge**

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

Irivng Cohen, Esquire
233 Broadway
Suite 1800
New York, NY 10279

Susan M. Lin. Esquire
Kairys Rudovsky Messing Feinberg & Lin LLP
718 Arch Street
Suite 501 South
Philadelphia, PA 19106


PATRICK MURRAY
JUDY G. SMITH
Assistant United States Attorneys

Date: December 6, 2019